UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSE VALDEZ, JR. | ) | |
| | ) | |
| vs. | ) | CAUSE No. 3:06-CV-515 RM |
| | ) | (arising out of 3:03-CR-91(05)RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

Jose Valdez, Jr. pleaded guilty to two counts of wire fraud (counts 1 and 2), 18 U.S.C. §§ 1343 & 1346, one count of conspiracy to misapply funds of a local government that receives federal funds (count 10), and one count of misapplying local government funds, 18 U.S.C. § 666 (count 11). He was sentenced to 33 months' imprisonment and ordered to more than $25 million in restitution. He files his petition for a writ of habeas corpus under 28 U.S.C. § 2255, and for the reasons that follow, the court denies his petition.

Mr. Valdez pleaded guilty plea pursuant to a plea agreement. In exchange for his guilty plea, the government agreed to move to dismiss counts 3, 4, 5, 6, 7, 8, and 9, and recommend a finding of acceptance of responsibility and a sentence at the low end of the applicable guideline range. The government upheld its end of the bargain. In exchange for government's concessions, Mr. Valdez purported to waive several valuable rights, including his right to contest his conviction or sentence on any ground in any post-conviction proceeding, specifically a petition under 28 U.S.C. § 2255. He also agreed to make restitution payments "in an

amount to be determined by the sentencing court." Mr. Valdez acknowledged his understanding that "in determining the appropriate amount of restitution [ ] the Court is not limited to the conduct detailed in count or counts to which I am pleading guilty, but may also consider the total loss sustained by the victims(s) of my offense."

Despite the waivers and acknowledgments contained in his plea agreement, Mr. Valdez challenges his sentence on three grounds: (1) his "sentence was unreasonable when the District Court incorrectly calculated the loss amount under the United States Sentencing Guidelines and the nature of the offense and the offender make imposition of the guidelines' sentence unreasonable," (2) his "attorney was ineffective in the negotiation of his plea agreement," and (3) his "counsel provided ineffective assistance by not filing an appeal."

The government responds by arguing Mr. Valdez has waived his right to file any § 2255 motion in his plea agreement. "A plea agreement that also waives the right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Mr. Valdez contests the voluntariness of his waiver, claiming his counsel's "explanation of the plea offer was insufficient to allow [him] to make a knowing and intelligent waiver of his rights . . . ." Specifically, Mr. Valdez says he didn't have a complete "understanding of the

2

charge and the sentencing mechanism pertaining to loss." The court isn't persuaded his plea was unwitting or involuntary.

"The content and language of the plea agreement itself, as well as the colloquy where necessary, govern our determination as to the validity of the waiver." United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999). Mr. Valdez's claim that his counsel's assistance rendered his plea unwitting is "belied by his own statements at the change of plea hearing, which are presumed as truthful." Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). He testified at the change of plea hearing that he understood that "restitution [was] not limited to the count to which [he was] pleading guilty, but the government [could] seek restitution for the entire course of conduct that has been under investigation and is included in the indictment." He also testified that he understood "the amount of restitution [would] be submitted to Judge Miller, and [Judge Miller would] make the determination based upon a preponderance of the evidence standard, and if [Mr. Valdez] or [his] attorney disagree[d] with [Judge Millers's] determination [ ] [Mr. Valdez] [could not] withdraw [his] guilty plea . . . ." When Judge Lozano explained to Mr. Valdez that "[a]fter Judge Miller makes these factual determinations and determines the appropriate guideline range" he wouldn't be able to appeal the sentence, Mr. Valdez stated, "I was explained that." Finally, when asked if he was satisfied with the services of his attorney, he stated "[v]ery much." These statements are not consistent with a defendant who didn't understand the possible restitution order he faced.  Mr. Valdez's plea of guilty was

3

knowing and voluntary, and therefore valid, so his waiver is effective. United States v. Behrman, 235 F.3d 1049, 1052 (7th Cir. 2000) (noting that a plea waiver stands or falls with the plea agreement).

Grounds 1 and 3 of Mr. Valdez's petition do not relate to the negotiation of his plea agreement and so have been waived. *See* Nunez v. United States, --- F.3d ----, 2007 WL 2177125 (7th Cir. July 31, 2007). Mr. Valdez says his attorney was ineffective in not negotiating as part of his plea agreement a cap on the amount of restitution he could be ordered to pay. This claim goes to the negotiation of the agreement and can be collaterally attacked. The government argues this claim is barred because it doesn't go to the negotiation of the specific wavier provision, but a claim of ineffective assistance during plea negotiations, if successful, undercuts the guilty plea itself, including the waiver, which stands and falls with the plea agreement. United States v. Wilson, 481 F.3d 475, 483 (7th Cir. 2007).

Still, Mr. Valdez hasn't shown a meritorious claim that his counsel was ineffective in negotiating his plea agreement. Mr. Valdez must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance caused him prejudice. Strickland v. Washington, 466 U.S. 668 (1984). To satisfy the test's second prong, he must show a reasonable probability that, but for counsel's unprofessional errors, the result of these proceedings would have been different. Adams v. Bertrand, 453 F.3d 428, 435 (7th Cir. 2006). "In order to show prejudice from ineffective assistance of counsel that led to the entering of a plea, the defendant must establish through

4

objective evidence a reasonable probability that, but for counsel's advice, he would not have accepted the plea." McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996). Mr. Valdez doesn't allege that he wouldn't have entered into the plea agreement but for counsel's advice, nor does he point to any objective evidence that would support such an assertion.  He therefore cannot show he has suffered any prejudice as a result of the alleged ineffective assistance of counsel.

For these reasons, Mr. Valdez's petition filed pursuant to 28 U.S.C. § 2255 [Docket No. 1 in Cause No. 3:06-CV-515] is DENIED.

SO ORDERED.

Entered:   August 27, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court